THE UNITED STATES OF AMERICA

*v.*

THE STEAMSHIP CATHERINE AND THE BULL IN-
SULAR STEAMSHIP COMPANY.

---

THE UNITED STATES OF AMERICA

*v.*

P. J. LARSEN, WILLIAM ANDREWS, AND SAMUEL
Q. ENSE.

---

San Juan, Equity, No. 1241a.

Opinion filed January 21, 1924.

---

*Mr. Charles Hartzell* for the Bull Insular Steamship Com-
pany.

*Honorable Ira K. Wells,* United States District Attorney, for
John T. Barrett, Federal Prohibition Director for Porto Rico.

ODLIN, Judge, delivered the following opinion:

This proceeding is in the nature of a petition, the same being verified, which petition is filed on behalf of the Bull Insular Steamship Company, a corporation operating a steel steamship called the Catherine. No answer to the petition has been filed, but the same has been argued, the facts set forth therein being admitted, and the only question before me for decision is whether the relief which the petition seeks should be granted or denied.

The facts are almost identical with the facts which gave rise to a decision by Mr. United States District Judge Henry A. M. Smith, rendered on January 5, 1921, in The Saxon, which decision is reported in 269 Fed. 639. He held distinctly in that case that upon the arrest of officers and members of the crew of a steamship operating under the American flag, which steamship had a length of 330 feet, had a beam of 40 feet and 4 inches, was double-decked and of 2,663 gross tonnage, said arrest being made for the illegal possession and transportation of intoxicating liquors, where there was no charge or proof that the owners of the steamship knew that the liquors were on board, it was improper to seize such steamship and to require a bond for its production as a condition for its release. In the Saxon Case a bond had actually been given and the application by the owners of the steamship asked that such bond be cancelled and the steamship released. This relief was granted by Judge Smith.

In the instant case the Steamship Catherine, it seems, has a length of 261 feet, a beam of 43 feet and 6 inches, and a gross tonnage of 2,121 tons.

The two important facts which differentiate the instant case from the Saxon Case are these. First, no bond has actually been given, a stipulation having been reached by the Federal prohibition director for Porto Rico, who made the seizure, and by counsel of the Steamship Catherine that the time for giving a bond of $200,000, the amount fixed by the Federal prohibition director, should be extended until this day, the actual seizure having been made on January 14, 1924, and a representative of the United States government having been constantly on said steamer during the past seven days, and it being also agreed that such steamship should be deemed to be in his custody. The second ground of difference between the Saxon Case and this case is that the steamship Catherine is under contract with the United States Postoffice Department to perform mail service between Santo Domingo and Porto Rico, and also between Porto Rico and the Virgin islands, one delivery of mail weekly.

Under the decision in the Saxon Case it is clear that if the owners of the Steamship Catherine had actually given a bond, it would be my duty to cancel the same, because it is admitted that the illegal act of the officers and crew was not only unknown to the owners of the steamship, but had been distinctly forbidden by them. It seems to me that it would be extremely harsh to require the owners of the Steamship Catherine to go to the expense and trouble of giving a large bond, which bond it would be my duty to release and cancel if given.

Another important consideration is that if the owners of the Steamship Catherine should be unwilling or unable to give such bond, there would result a stoppage of the operations of the United States mail. At all events, it is clear that the only

proper order for me to make in the present proceeding is that the Steamship Catherine be restored to the control of its owners, and that these owners be relieved from the necessity of filing any bond.

To this order the Federal prohibition director for Porto Rico excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 21st day of January, 1924.